## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Autumn Alleman | : | |
| | : | |
| v. | : | No. 1511 C.D. 2018 |
| | : | Argued: September 17, 2019 |
| North Newton Township | : | |
| Board of Supervisors, | : | |
| Arlin E. Weaver | : | |
| | : | |
| Appeal of: Arlin E. Weaver | : | |

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON                    FILED:  October 16, 2019

Arlin E. Weaver (Weaver) appeals from an order of the Court of Common Pleas of Cumberland County (common pleas), dated October 11, 2018. Common pleas vacated the decision of the North Newton Township Board of Supervisors (Board), which granted Weaver's application for a conditional use. For the reasons that follow, we reverse common pleas' order.

In January 2016, Weaver filed a conditional use application with North Newton Township (Township), seeking approval for an intensive agricultural operation on the property located at 201 Bullshead Road within the Township (Property). Weaver proposes to expand the swine feeding operation conducted on the Property by continuing to use an existing hog barn and constructing a second

barn to house an additional 2,400 hogs. The Property consists of approximately 112 acres, with 72 acres located in the Township's Rural Residential Zoning District and 40 acres in the Agricultural Zoning District (agricultural district). The current and proposed hog barns are contained entirely within the agriculturally zoned portion of the Property. At present, all of the Property is in agricultural use.

The proposed hog feeding operation qualifies as an "Intensive Agricultural Operation" (IAO) under the North Newton Township Zoning Ordinance (Ordinance). Section 403 of the Ordinance allows IAOs by conditional use within the agricultural district subject to the specific criteria in Section 1026 of the Ordinance, which provides, in relevant part:

> A. Within the [agricultural z]one, an [IAO] . . . shall be permitted as a conditional use subject to the following criteria:
>
> 1. The parcel of contiguous land owned by the owner of an [IAO] shall be and remain at least 50 acres.

Following Weaver's application for conditional use approval, the Board held a hearing at which Weaver, Weaver's engineer, and objecting community members (including Appellee[1] Autumn Alleman (Alleman)) testified. The objectors' testimony focused on the alleged health and aesthetic effects of the existing operation and its proposed expansion, including concerns about air and groundwater pollution, noise, odors, and property value decline.[2] Alleman also

---

[1] The Appellees in this matter also include the Township and North Newton Township Friends of Family Farms, a citizen organization. By order dated July 1, 2019, this Court precluded Appellees other than Alleman from filing briefs or participating in oral argument in this matter.

[2] We do not detail the testimony at the hearing because, as we explain below, this appeal does not concern factual issues.

2

objected to the proposal on the basis that the Property does not contain at least 50 acres within the agricultural district, as she believes is required under Section 1026(A)(1) of the Ordinance. At the conclusion of the hearing, the Board granted approval for the proposed expansion subject to the conditions listed in the Board's written decision. The decision expressed the Board's conclusion that Weaver had satisfied all specific criteria required for a conditional use under Section 1026, including the requirement for a parcel of 50 contiguous acres. In so concluding, the Board interpreted Section 1026(A)(1) as requiring only a parcel of 50 contiguous acres, with no requirement that those 50 acres be located within any particular zoning district. Common pleas vacated the Board's decision and denied Weaver's conditional use application, holding that Section 1026(A)(1) requires at least 50 contiguous acres located within the agricultural district. Weaver now appeals to this Court.

On appeal,[3] Weaver asserts that the Board properly concluded that the Property satisfies the minimum parcel size requirement in Section 1026(A) of the Ordinance and that the trial court erred in vacating that decision. In support of this general contention, Weaver first insists that the language of Section 1026(A) unambiguously requires only a parcel of 50 or more acres and does not require that those acres be within the agricultural district. Weaver also argues that, to the extent the Ordinance is ambiguous, common pleas erred when it (1) failed to accord deference to the Board's interpretation and (2) failed to construe any ambiguity in Weaver's favor. Finally, Weaver also argues that common pleas erred in considering the purported health effects of the proposed use when interpreting the

---

[3] The interpretation of a zoning ordinance, as required in the instant case, presents this Court with a pure question of law subject to our plenary review. *Kohl v. New Sewickley Twp. Zoning Hearing Bd.*, 108 A.3d 961, 968 (Pa. Cmwlth. 2015).

3

minimum acreage requirement. In response, Alleman argues that Section 1026(A)(1), when read in context, unambiguously requires a parcel of at least 50 agriculturally zoned acres to qualify for an IAO.

The instant case presents a pure question of law concerning the interpretation of a zoning ordinance, to which we apply the rules of statutory construction. *See Kohl*, 108 A.3d at 968. Just as in statutory interpretation, the primary objective of interpreting ordinances is to determine the intent of the enacting body, and the plain language of an ordinance provides the most reliable indication of that intent. *Id.* Thus, "[w]here the words in an ordinance are free from all ambiguity, the letter of the ordinance may not be disregarded under the pretext of pursuing its spirit. An ambiguity exists when language is subject to two or more reasonable interpretations . . . ." *Adams Outdoor Advert., LP v. Zoning Hearing Bd. of Smithfield Twp.*, 909 A.2d 469, 483 (Pa. Cmwlth. 2006) (citations omitted), *appeal denied*, 923 A.2d 1175 (Pa. 2007).

If, and only if, the text of an ordinance is ambiguous, we apply two distinct rules in our appellate review:

> First, we note the common rule that appellate courts reviewing a governing body's adjudication of a conditional use application generally should defer to the interpretation rendered by the governing body . . . . This rule must sometimes bend to the second rule, found in Section 603.1 of the [Pennsylvania Municipalities Planning Code (MPC)[4]] . . . . [Pursuant to Section 603.1,

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, added by Act of December 21, 1988, P.L. 1329, 53 P.S. § 10603.1. Section 603.1 of the MPC provides:

> In interpreting the language of zoning ordinances to determine the extent of the restriction upon the use of the property, the language shall be interpreted, where doubt exists as to the intended meaning of the language written and enacted by the governing body, in favor of the property owner and against any implied extension of the restriction.

4

> w]e have held that we must "interpret ambiguous language in an ordinance in favor of the property owner and against any implied extension of the restriction." Thus, the general rule contained in Section 603.1 of the MPC applies only when the words of an ordinance are not free and clear from ambiguity.

*Williams Holding Grp., LLC v. Bd. of Supervisors of W. Hanover Twp.*, 101 A.3d 1202, 1213 (Pa. Cmwlth. 2014) (citations omitted). Our precedent shows consistent and conclusive application of Section 603.1 in every case where we find predicate ambiguity. *See, e.g.*, *Slice of Life, LLC v. Hamilton Twp. Zoning Hearing Bd.*, 164 A.3d 633, 642 (Pa. Cmwlth. 2017) ("Because of . . . ambiguity [in the language of the ordinance], we are required to interpret the language of the [o]rdinance in favor of the landowner . . . ."), *rev'd on other grounds*, 207 A.3d 886 (Pa. 2019); *Kohl*, 108 A.3d at 973 ("[W]e conclude that the language comprising a 'kennel' is facially ambiguous and must be construed in favor of . . . the landowners."); *Kleinman v. Lower Merion Twp. Zoning Hearing Bd.*, 916 A.2d 726, 729 (Pa. Cmwlth. 2006) ("The provision is ambiguous, because it is open to more than one interpretation. Because the language is ambiguous, the [b]oard and the trial court correctly construed the language in favor of the landowner."), *appeal denied*, 931 A.2d 659 (Pa. 2007).

Turning to the ordinance at issue here, we believe that both parties have offered reasonable readings of the operative language. On one hand, Weaver points out that Section 1026(A)(1) of the Ordinance does not contain the modifying words "within the agricultural zone" immediately following the requirement of "at least 50 acres." The drafters of the Ordinance could easily have included those or similar words of clarification if they had intended to restrict IAOs to properties having 50 or more agriculturally zoned acres. It is reasonable to understand this silence as an indication that Section 1026(A)(1) requires only 50 acres, regardless of

5

which zoning classifications might apply to portions of that acreage where the IAO is not located. Moreover, Section 1026(A)(1) requires a "parcel" of at least 50 acres, and Section 200 of the Ordinance defines "parcel" as "[a] lot, plot or tract of land designated by any legally recorded or approved means as a single unit. The term includes, but is not limited to, tax parcels, lots or deeded areas." Because the Ordinance uses the defined term "parcel," it is reasonable to understand the acreage requirement in terms of an entire "single unit" of legally demarcated land, regardless of whether the parcel is in multiple zoning districts.

On the other hand, as Alleman points out, Section 1026(A) of the Ordinance begins with the prepositional phrase "within the [agricultural z]one." That phrase obviously limits the district in which IAOs "shall be permitted," but Alleman argues that it also limits the list items that follow, including the minimum parcel size requirement. Alleman also emphasizes that the Ordinance specifically forbids IAOs within residential districts and permits them within the agricultural district. This suggests that it is reasonable to view the Ordinance as being designed to limit IAOs to *agricultural properties* of at least 50 acres, rather than to allow them where, as here, most of the acreage is located in a residential or commercial district and open to uses more intensive than agriculture.

Because the language of the Ordinance supports these two reasonable but conflicting interpretations, the language is ambiguous. Section 603.1 of the MPC requires us to resolve that ambiguity in favor of Weaver as the landowner.[5] Accordingly, the Property satisfies the minimum parcel size requirement because it

_____

[5] As we have mentioned, Section 603.1 often conflicts with the principle of deference to the governing body's interpretation, requiring that we favor one principle over the other. But here, they are aligned: the Board agrees with Weaver (the landowner) that the Ordinance simply requires 50 contiguous acres, regardless of the zoning of those acres.

contains at least 50 contiguous acres,[6] and the Ordinance does not require that all of those acres be located within the agricultural district. The Board did not, therefore, err in granting the conditional use approval, and common pleas erred in vacating that decision. Thus, we reverse common pleas' order.

P. KEVIN BROBSON, Judge

---

[6] No party has challenged the contiguity of the Property's acreage.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Autumn Alleman                          :
                                        :
            v.                          :   No. 1511 C.D. 2018
                                        :
North Newton Township                   :
Board of Supervisors,                   :
Arlin E. Weaver                         :
                                        :
Appeal of: Arlin E. Weaver              :

# **O R D E R**


     AND NOW, this 16th day of October, 2019, the order of the Court of Common Pleas of Cumberland County, dated October 11, 2018, is REVERSED.


_____
P. KEVIN BROBSON, Judge